**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAE KON KWON, | No. 10-15847 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-00360-JMS-BMK |
| v. | |
| COSTCO WHOLESALE CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Argued and Submitted February 15, 2012
Honolulu, Hawaii

Before: GOODWIN, TROTT, and MURGUIA, Circuit Judges.

Dae Kon Kwon appeals the defense verdict in the bench trial of her diversity

action for damages incurred in a trip and fall while on the premises of Costco, the

defendant.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Kwon, an 83-year-old woman, was injured when she tripped on an 18-foot-long chain of flatbed carts while shopping at a Costco warehouse.  After the incident, Costco failed to preserve a surveillance videotape that may have recorded the incident.  The district court found that Costco's failure to preserve the videotape constituted spoliation, and granted Kwon's pretrial motion for an adverse inference against Costco.

The key disputed fact in this controversy was whether the carts were moving or stationary at the time Kwon collided with them.  The district court found, after it weighed the evidence and made credibility findings, that the carts were stationary.  The court relied on that finding to conclude that a stationary row of five flatbed carts is not an unreasonable hazard and that Kwon was negligent for failing to see and avoid the carts, which the court determined to be obvious obstructions in her path of travel.

Kwon argues that the district court erred by not applying the adverse inference to the question of whether the carts were moving at the time of the collision.  The record does not support this assertion.

We review a district court's findings of fact for clear error, whether those findings are based on inferences or direct evidence.  Fed. R. Civ. P. 52(a)(6); *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 519 (9th Cir. 2011).  Clear

error occurs when a district court's findings of fact are illogical, implausible, or not supported by inferences that may be drawn from the facts in the record. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985); *accord United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009) (en banc).

A fact finder may draw an inference against any party that destroys or despoils evidence, but that inference is permissive rather than mandatory. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (noting that a district court "has the broad discretionary power *to permit* a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior" (emphasis added)); *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991) ("Generally, a trier of fact *may* draw an adverse inference from the destruction of evidence relevant to a case." (emphasis added)).

In this case, the district court chose not to infer that the carts were moving. Instead, it relied on Costco employee Madamba's credible testimony that the carts were stationary. The finding that the carts were stationary is logical, plausible, and supported by inferences that may be drawn from the record. Accordingly, the court's finding was not clear error.

Kwon also argues that the district court applied the wrong legal standard regarding Costco's duty to warn Kwon. The district court found that neither

Madamba nor any other Costco employee had notice that Kwon failed to see the carts and, accordingly, Costco had no duty to warn Kwon.

Kwon acknowledges that the duty to warn arises upon notice, but she argues that the court's conclusion "requires the absurd result" that Costco is shielded from a duty to warn if an employee does not keep a proper lookout for shoppers needing warning, even when the employee has notice that the hazard exists on the premises.

Kwon's argument is flawed, however, because it incorrectly assumes that Madamba was not keeping a proper lookout. Madamba was looking over her shoulder to determine when it was safe to resume pushing the carts through the crowd of visitors. Madamba may have been keeping a proper lookout; the district court did not conclude that her conduct was unreasonable. Accordingly, the court applied the correct legal standard.

The judgment is AFFIRMED.